FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOMMIE SLACK,<br><br>Defendant. | No. 4:22-CR-06003-MKD<br><br>ORDER DENYING DEFNDANT'S MOTION FOR SENTENCE REDUCTION<br><br>**ECF No. 245** |

Before the Court is Defendant Tommie Slack's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 245. Defendant moves the Court to reduce his sentence citing medical concerns. *Id.* For the reasons below, the Court denies the motion.

**BACKGROUND**

On October 19, 2023, Defendant pleaded guilty to one count of possession with intent to distribute 40 grams or more of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi). ECF No. 202. On April 11, 2024, Defendant was sentenced to 108 months imprisonment followed by five years of supervised release. ECF No. 226.

Defendant seeks compassionate release based on his medical condition. ECF No. 245 at 6. Defendant states that he is suffering from a severe shoulder condition requiring total shoulder replacement surgery. *Id.* at 7. Defendant contends that the resulting pain is debilitating and significantly reduces his ability to use his left arm. *Id.* Defendant claims that his pain management has been limited to Ibuprofen, which presents known risks to his kidney health. *Id.* Further, Defendant claims that he has not received appropriate kidney monitoring or lab work. *Id.* Defendant alleges that the Bureau of Prisons ("BOP) is not adequately addressing his medical needs and that the facility is not equipped "to provide specialized orthopedic surgery and post-operative rehabilitation required for proper recovery and restoration of function" in his arm. *Id.* at 8.

**LEGAL STANDARD**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress created a limited exception with 18 U.S.C. § 3582(c)(1)(A). *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). A defendant who moves for a sentence reduction under Section 3582(c)(1)(A) must first exhaust all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds (1) a

reduction is warranted by extraordinary and compelling reasons, and (2) consistent with applicable policy statements issued by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see also Dillon*, 560 U.S. at 827, 829-30; *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).

"As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a compassionate release motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944-45 (internal citation and quotations omitted).

## DISCUSSION

### *A. Administrative Exhaustion*

Defendant contends that he has exhausted all administrative remedies. ECF No. 245-3 at 2-3. The warden of FCI Sheridan has twice denied Defendant's request for Administrative Remedy. ECF Nos. 245-3 at 18; 245-2 at 3. In May 2026, Defendant received an official denial of his request for compassionate release by the warden. ECF No. 249-1. The United States does not dispute administrative exhaustion. *See* ECF No. 249 at 7. The Court finds that Defendant has exhausted his administrative remedies.

### *B. Extraordinary and Compelling Reasons*

Defendant requests a sentence modification because he is suffering from a painful shoulder condition, the prescribed pain management regime is harming his

kidneys, and the facility is not equipped to provide adequate care for his condition. ECF No. 245 at 8.

A sentence modification must be warranted by extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A); *United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022). Congress authorized the United States Sentencing Commission to define "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The Sentencing Commission did so USSG § 1B1.13. The Commission identified "six circumstances that may reach the standard: (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant experienced abuse in custody; (5) alternate but similar reasons to 1-4; and (6) unusually long sentence." *United States v. Perez-Javier*, 2024 WL 3093477, at *2 (E.D. Wash. June 21, 2024) (citing USSG § 1B1.13).

USSG § 1B1.13(b)(1) provides the contours of which "medical circumstances" amount to extraordinary and compelling reasons. The relevant sections of USSG § 1B1.13(b)(1) state as follows:

> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

USSG § 1B1.13(b)(1).

Defendant contends that the facility is not equipped to provide adequate medical care for his shoulder condition. ECF No. 245 at 8. However, his medical records show that he has been seen by Willamette Valley Orthopedic Surgery since October 2025 and that there are specific plans for shoulder surgery. ECF No. 250 at 115-118. In fact, Defendant's medical records contain a report, dated two weeks prior to the filing of this motion, that orders a screening EKG for an upcoming transfer request for shoulder replacement. *Id.* at 1.

Defendant also contends that he is suffering "from kidney-function concerns requiring continuous medical monitoring and treatment." ECF No. 245 at 15. However, Defendant's medical records show that he has had several medical appointments to address his kidney function. ECF No. 250 at 4, 16-17, 38. In April 2026, a provider reported that Defendant needed to stop taking Ibuprofen, but Defendant stated he could not give up Ibuprofen because it was the only thing

that took the edge off his shoulder pain. *Id.* at 6. The provider also noted that Defendant declined alternative pain management. *Id.*

Defendant further notes that he is suffering from a "serious functional or cognitive impairment" and that he is "experiencing a serious deterioration in physical or mental health because of the aging process." ECF No. 245 at 13. However, neither Defendant nor BOP records provide support for these claims. Likewise, Defendant indicates that a family member "has become incapacitated" and Defendant is the "only available caregiver," but neither Defendant nor BOP records provide any support for this claim. *Id.*

Defendant's medical condition warrants compassionate release only if he establishes (1) a serious medical condition that (a) substantially diminishes his ability to provide self-care while in prison and (b) from which he is not expected to recover, or (2) a medical condition that (a) requires long-term or specialized medical care that is not being provided and (b) without which he is at risk of serious deterioration in health or death. USSG § 1B1.13(b)(1)(B)-(C). Courts routinely find that "[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019); *see also United States v. Ayon-Nunez*, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020); *United States v. Alvarez*, 2020 WL 3047372, at *5 (D. Or. June 8, 2020).

Defendant does not establish that his current condition substantially diminishes his ability to provide self-care, that he is not expected to recover, or that he is not being provided long-term or specialized medical care. Therefore, Defendant fails to meet the conditions of USSG § 1B1.13(b)(1)(B) or USSG § 1B1.13(b)(1)(C).

*C. Remaining Steps of Section 3582(c)*

While a Section 3582 analysis is comprised of sequential steps, the Ninth Circuit has explained that "[a]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original).

As explained above, the Court finds no extraordinary and compelling reasons warranting compassionate release. The Court declines to continue its analysis to the other factors as the above finding is dispositive of Defendant's motion.

**CONCLUSION**

Defendant has failed to demonstrate that extraordinary and compelling reasons warrant his release. Therefore, his motion is denied.

Accordingly, **IT IS ORDERED:**

1. The Motion for Sentence Reduction, **ECF No. 245**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant Tommie Slack and counsel for the United States.

DATED October 26, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE